## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **CADDO SYSTEMS, INC. and 511 TECHNOLOGIES, INC.,**<br><br>  **Plaintiffs,**<br><br> v.<br><br> **MEDIATEK USA INC., and MEDIATEK INC.**<br><br>  **Defendant.** | **Civil Action No. 6:20-cv-241**<br><br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

In this action for patent infringement Plaintiffs Caddo Systems, Inc. and 511 Technologies, Inc.("Plaintiffs") hereby make the following allegations against Defendants MediaTek USA Inc., and MediaTek Inc. (collectively, "Defendants" or "MediaTek"):

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.     Plaintiff Caddo Systems, Inc. ("Caddo") is a Texas corporation with its principal place of business in the 511 Technology Center at 511 N. Washington Avenue, Marshall, Texas 75670.

3.     Plaintiff 511 Technologies, Inc. ("511 Tech") is a Texas corporation with its principal place of business at 511 N. Washington Avenue, Marshall, Texas 75670.  Since 2010, 511 Tech has operated the 511 Technology Center, including the provision of invention, patent

and product development support services in diverse fields including color measurement, flash storage devices, communication protocols, electronic circuitry, software development, energy storage and control, cloud-connected industrial and consumer products, medical diagnostic device, and art instruction from its headquarters in the former Coca-Cola bottling plant located in the Ginocchi Historic District in Marshall, Texas.

4.      In collaboration with 511 Tech and others working in the 511 Technology Center, Caddo researches, designs, and develops information systems, including systems based on the Asserted Patents.  The Caddo and 511 Tech collaboration includes software products based on inventions described and claimed in the Asserted Patents.

5.      Caddo is the owner by assignment of 100% interest in the Asserted Patents.  511 Tech has the exclusive license to practice and develop the inventions of the Asserted Patents.

6.      On information and belief, Defendant MediaTek Inc. is a foreign entity organized under the laws of Taiwan headquartered at No. 1, Dusing 1st Rd., Hsinchu Science Park, Hsinchu 30078, Taiwan.

7.      On information and belief, Defendant MediaTek USA is a Delaware corporation that is a subsidiary of MediaTek Inc. with a place of business at 5914 West Courtyard Drive, Austin, Texas 78730.  Upon information and belief, MediaTek USA is authorized to do business in Texas and may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.      On information and belief, Defendant MediaTek Inc. designs, develops, manufactures, sells, offers to sell, and/or imports products, devices, systems, and/or components of systems through certain accused instrumentalities (as discussed further below) that either infringe or support the infringement of the patents asserted in this action.

9.      On information and belief, Defendant MediaTek USA provides sales, research, and promotional support for Defendant MediaTek Inc.'s products in the United States.

## JURISDICTION AND VENUE

10.     This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

11.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over Defendants MediaTek USA and MediaTek, Inc. because those companies have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Western District of Texas. For example, MediaTek USA has a place of business at 5914 West Courtyard Drive, Austin, Texas 78730.  Personal jurisdiction also exists specifically over MediaTek USA because that company, directly or through subsidiaries or intermediaries, make, use, offer for sale, or sell products or services within the State of Texas and within the Western District of Texas through accused instrumentalities that directly or indirectly infringe the Asserted Patents (as discussed further below).

13.     On information and belief, MediaTek sells and offers to sell products and services throughout the United States, including in this District, through the accused instrumentalities, through major electronics retailers in North America, and in concert and partnership with third parties who sell mobile phones, personal computers, servers, notebook computers, televisions, DVD players, and other consumer media products.

14.     On information and belief, MediaTek conducts a significant amount of business in Texas and this District through online sales and advertisements directly to consumers, through product sales by MediaTek's distributors and resellers, and in concert and partnership with third parties.

15.     Furthermore, personal jurisdiction over MediaTek in this action comports with due process.  MediaTek has conducted and regularly conducts business within the United States and this District.  MediaTek has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in the State of Texas and this District.  MediaTek has sought protection and benefit from the laws of the State of Texas by making available products and services through the accused instrumentalities that infringe the Asserted Patents with the awareness and/or intent that they will be used (or visited) by consumers in this District.  Having purposefully availed itself of the privilege of conducting business within this District, MediaTek should reasonably and fairly anticipate being brought into court here.

16.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because MediaTek Inc. is a foreign corporation and is subject to personal jurisdiction in this district and/or have regularly conducted business in this District, and because certain of the acts complained of herein occurred in this District.  Additionally, MediaTek Inc. and MediaTek USA—directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—ship, distribute, offer for sale, and/or sell their products and services in the United States and this District.  They have purposefully and voluntarily placed one or more of its products into the stream of commerce through the accused instrumentalities that infringe the Asserted Patents with the awareness and/or intent that they will be purchased by consumers in this District.  They knowingly and purposefully ship infringing products into, and within, this District.  These infringing products have been, and continue to be, purchased by consumers and businesses in this District.

17.     Further, this Court has personal jurisdiction over MediaTek USA because it has a regular and established place of business in this District and has purposely availed itself of the

privileges and benefits of the laws of the State of Texas and in this District, because it regularly conducts and solicits business within the State of Texas and within this District, and because Plaintiff's causes of action arise directly from its business contacts and other activities in the State of Texas and within this District.

## THE ASSERTED PATENTS

18.     On March 13, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,191,411 ("the '411 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '411 Patent is attached hereto as Exhibit 1.

19.     Plaintiffs own all substantial right, title, and interest in the '411 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

20.     On May 8, 2007, the USPTO duly and legally issued U.S. Patent No. 7,216,301 ("the '301 Patent"), entitled "Active Path Menu Navigation System." A copy of the '301 Patent is attached hereto as Exhibit 2.

21.     Plaintiffs own all substantial right, title, and interest in the '301 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

22.     On December 29, 2009, the USPTO duly and legally issued U.S. Patent No. 7,640,517 ("the '517 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '517 Patent is attached hereto as Exhibit 3.

23.     Plaintiffs own all substantial right, title, and interest in the '517 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

24.     On May 25, 2010, the USPTO duly and legally issued U.S. Patent No. 7,725,836 ("the '836 Patent"), entitled "Active Path Menu Navigation System." A copy of the '836 Patent is attached hereto as Exhibit 4.

25.     Plaintiffs own all substantial right, title, and interest in the '836 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

26.     On January 8, 2013, the USPTO duly and legally issued U.S. Patent No. 8,352,880 ("the '880 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '880 Patent is attached hereto as Exhibit 5.

27.     Plaintiffs own all substantial right, title, and interest in the '880 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

28.     On July 31, 2018, the USPTO duly and legally issued U.S. Patent No. 10,037,127 ("the '127 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '127 Patent is attached hereto as Exhibit 6.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,191,411

29.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

30.     The '411 Patent is directed to systems and methods for navigating within a multi-level hierarchical collapsing menu structure, as described and claimed in the '411 Patent.

31.     Defendants have and continue to directly infringe at least Claims 1-4 of the '411 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.MediaTek.com and https://www.MediaTek.com/en_US/home.html and maintained on servers located in and/or accessible from the United States under the control of Defendants; (ii) software, including,

without limitation, software that allows content to be interactively presented in and/or served to browsers; (iii) computer equipment including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing or that allows navigating within a multi-level hierarchical collapsing menu structure, where each level in the menu structure contains plural items, each item being at least one of a function, a pointer to a location, and a pointer to another level (hereinafter, the "'411 Accused Instrumentalities") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (annotated).

32.     By way of example, the '411 Accused Instrumentalities provide a method for navigating within a multi-level hierarchical collapsing menu structure where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level (e.g., the '411 Accused Instrumentalities provide a method for navigating a multi-level hierarchical collapsing menu structure that includes a multi-level hierarchy where each level in the menu contains plural items, each said item being at least

one of a function, a pointer to a location, and a pointer to another level (e.g., "MediaTek Dimensity 5G," which includes "MediaTek Dimensity 1000")) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (annotated).

33.    More specifically, the '411 Accused Instrumentalities provide a graphical user menu system displaying the items of a given level and enabling selection thereof (e.g., "Products," which includes "MediaTek Dimensity 5G," which includes "MediaTek Dimensity 1000"), wherein access of said given level requires sequential access of each of the levels preceding said given level in the hierarchy (e.g., to access "MediaTek Dimensity 1000," "MediaTek Dimensity 5G" is accessed first; as another example, to access "MediaTek Dimensity 5G," "Mobile" is accessed first); automatically constructing an Active Path as a sequence of hierarchical active links as items are selected using the graphical user menu system without the need for any additional interaction with the graphical user system (e.g., the '411 Accused Instrumentalities automatically construct an active path (e.g., "Home—Products—Mobile—MediaTek Dimensity 5G") as a sequence of hierarchical active links as items are selected (e.g., as "Mobile" and "MediaTek Dimensity 5G" are selected)), with one said active link

corresponding to each of the items selected (e.g., the '411 Accused Instrumentalities' active path "Home—Products—Mobile—MediaTek Dimensity 5G" corresponds to each of the items selected, including "Home," "Products," "Mobile," and "MediaTek Dimensity 5G") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-1000 (last visited Feb. 10, 2020).

34.    Also, each active link in the '411 Accused Instrumentalities is independently selectable thereby providing direct access to the hierarchical level from which the corresponding item was selected without the need to navigate using said graphical user menu system (e.g., in the example above, the active link "MediaTek Dimensity 5G" is independently selectable to thereby providing direct access to the hierarchical level from which "MediaTek Dimensity 5G " was selected, without the need to navigate using Defendants' graphical user menu system).

35.    The '411 Accused Instrumentalities' active path is displayed as an alternative to the graphical user menu system for navigating the multi-level hierarchical collapsing menu structure after the user has finished selecting items using the graphical user system (e.g., the '411 Accused Instrumentalities display the Active Path as an alternative to Defendants' graphical user menu system for navigating the multi-level hierarchical collapsing menu structure after the user has finished selecting items, such as "MediaTek Dimensity 5G" using Defendants' graphical user menu system such that Defendants' Active Path is displayed after the multi-level hierarchical collapsing menu structure has collapsed) such that the Active Path is displayed after the multi-level hierarchical collapsing menu structure has collapsed (e.g., the Active Path is

displayed after the multi-level hierarchical collapsing menu structure (e.g., collapsing menu structure opened via the menu icon on the left hand upper corner) has collapsed) as shown below:



*See e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020).

36.     On information and belief, in the '411 Accused Instrumentalities, pre-selecting a given active link triggers the display of sibling menu items on the level associated with said given active link without disturbing the displayed Active Path (e.g., pre-selecting the "Products" active link triggers the display of sibling menu items, such as "Mobile" and "Tablets" without disturbing the displayed Active Path) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020) (annotated).

37.     On information and belief, the '411 Accused Instrumentalities provide pre-defined short-cuts enabling direct access to a given menu item (e.g., the '411 Accused Instrumentalities provide pre-defined shortcuts, such as "Learn More" about "MediaTek Dimensity" (*see, e.g.*, https://www.mediatek.com/products/smartphones) enabling direct access to a given menu item); and automatically constructing the Active Path when a pre-defined short-cut is executed, with one said active link corresponding to each of the menu items necessary to access said given menu item using said graphical user menu system (e.g., the active path is automatically constructed when "Learn More" about "MediaTek Dimensity" under "Mobile" is executed to access content under "MediaTek Dimensity 5G," with the active link "Home," "Products," "Mobile," and "MediaTek Dimensity 5G" corresponding to each of the menu items necessary to access the given menu item using the graphical user menu system) as shown below:

*See e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020) (annotated).

38.     On information and belief, in the '411 Accused Instrumentalities, selecting a given active link triggers the execution of a function associated with said given active link (e.g., selecting a given active link such as "Products" triggers the execution of a function, such as displaying sibling menus (e.g., "Mobile" and "Tablets") or directing user to certain content).

39.     On information and belief, in the '411 Accused Instrumentalities, selecting a given active link triggers display of information associated with said given active link (e.g., the '411 Accused Instrumentalities allow selecting the link "MediaTek Dimensity 5G" to trigger display of information (e.g., displaying "MediaTek Dimensity 1000") associated with the link "MediaTek Dimensity 5G").

40.     Discovery is expected to uncover the full extent of Defendants' infringement of the '411 Patent beyond the '411 Accused Instrumentalities already identified through public information.

41.     Upon information and belief, Defendants have induced and continue to induce others to infringe at least Claims 1-4 of the '411 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to

infringe, including but not limited to Defendants' new, current, and prospective users, partners, customers and other third parties, whose use of the '411 Accused Instrumentalities constitutes direct infringement of at least Claims 1-4 of the '411 Patent.

42. In particular, Defendants' actions that aid and abet others such as their new, current, and prospective users, partners, customers and third parties to infringe include, for example, , for example, advertising, promoting, and providing instructions on using the '411 Accused Instrumentalities.  On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the '411 Patent and knowledge that their acts were inducing infringement of the '411 Patent since at least the date Defendants received notice based on the filing of this Complaint that such activities infringed the '411 Patent.

43. Defendants' acts of inducement include, without limitation: providing the '411 Accused Instrumentalities to their new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '411 Accused Instrumentalities that enables and/or makes use of content published therein; encouraging customers and other third parties to communicate directly with Defendants' representatives about the '411 Accused Instrumentalities and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.mediatek.com/about/contact-us (providing contact information to address sales regarding the '411 Accused Instrumentalities); *see also id.* (providing a messaging platform for communicating the same); *see also* https://www.mediatek.com/corporate-social-responsibility/global-presence/client-services (providing a customer support service relating to the '411 Accused Instrumentalities); encouraging customers and other third parties to use the '411 Accused Instrumentalities to access content published therein (e.g.,

https://www.facebook.com/MediaTek/videos/965975860464770/ (providing an URL (

https://www.mediatek.com/products/smartphones/mediatek-helio-

p95?fbclid=IwAR3XDFNVq4-

YRHdqY9KRPmf8VgGmP7WUFRDGPiQpgpF1EByIdxmfJe4d4h8) to a "MediaTek Helio

P95" webpage that can be accessed using the '411 Accused Instrumentalities); *see also*

https://www.mediatek.com/innovations/whitepapers-list (providing content through the '411

Accused Instrumentalities); *see also* https://www.mediatek.com/investor-relations/financial-

information (recommending investors and other third parties use the '411 Accused

Instrumentalities to access financial results relating to Defendants' financial information); *see*

*also* https://www.facebook.com/MediaTek/?brand_redir=1136062269843194,

https://twitter.com/MediaTek?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauth

or, and https://www.linkedin.com/company/mediatek/about/ (Defendants' social media accounts

promoting the use of the '411 Accused Instrumentalities through which various media content

can be accessed); *see also* https://www.mediatek.com/news-events/press-releases/mediateks-

i500-aiot-platform-powers-tooplooxs-smart-self-checkout-application (providing press releases

encouraging customers and other third parties to use the '411 Accused Instrumentalities to access

content (for example, providing an URL (https://www.mediatek.com/products/iot/rich-iot) to a

"Rich IoT" webpage that can be accessed using the '411 Accused Instrumentalities)); and

https://www.mediatek.com/blog (providing blogs encouraging customers and other third parties

to use the '411 Accused Instrumentalities to access content ((providing an URL

(https://www.mediatek.com/products/smartphones/mediatek-helio-p60) to a "MediaTek Helio

P60" webpage that can be accessed using the '411 Accused Instrumentalities)).

44.     Defendants performed acts of inducement despite their actual knowledge since at least the filing date of this Complaint and their knowledge that the specific actions they actively induced and continue to actively induce on the part of their users, partners, and customers, and other third parties constitute infringement of the '411 Patent.  At the very least, because Defendants have been, and remain, on notice of the '411 Patent and the accused infringement, they have been, and remain, willfully blind regarding the infringement that they have induced and continue to induce.

45.     On information and belief, Defendants have contributed to, and continue to contribute to, infringement of at least Claims 1-4 of the '411 Patent pursuant to 35 U.S.C. § 271(c) by providing the '411 Accused Instrumentalities that have contributed, and continue to contribute, to the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of the filing date of this Complaint) that the '411 Accused Instrumentalities are especially made or adapted for use in an infringement of the '411 Patent.  For example, by providing the web pages, software, and computer equipment identified above, Defendants contribute to the direct infringement of users of said web pages, software, and computer equipment.  The '411 Accused Instrumentalities are material components or apparatuses for use in practicing the '411 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

46.     For example, the '411 Accused Instrumentalities provide a graphical user menu system through which a user can navigate within a multi-level hierarchical collapsing system according to the claimed invention(s).  Defendants supplied, and continue to supply, the '411 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '411 Patent and with the knowledge that these components or apparatuses constitute critical and

material parts of the claimed inventions of the '411 Patent.  Moreover, Defendants know at least

by virtue of their knowledge of their own products and services and the '411 Patent that the '411

Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the

'411 Patent and there is no substantial non-infringing use of the '411 Accused Instrumentalities,

or components or apparatuses thereof.

47.     Defendants have directly and indirectly infringed the '411 Patent and are thus

liable for infringement of the '411 Patent pursuant to 35 U.S.C. § 271.

48.     Plaintiffs have suffered, and continue to suffer, damages as a result of

Defendants' infringement of the '411 Patent.

49.     Defendants have continued to infringe the '411 Patent since at least the filing date

of this Complaint, despite being on notice of the '411 Patent and their infringement.  Defendants

have therefore infringed the '411 Patent knowingly, willfully, deliberately, and in disregard of

Plaintiffs' patent rights since at least the filing date of this Complaint, at least by infringing with

actual knowledge of their direct and indirect infringement or while remaining willfully blind to

the fact of their direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are

entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35

U.S.C. § 285.

50.     Plaintiffs reserve the right to modify their infringement theories as discovery

progresses in this case.  Plaintiffs shall not be estopped for purposes of their infringement

contentions or their claim constructions by the foregoing discussions on how the '411 Accused

Instrumentalities infringe the '411 Patent.  Plaintiffs intend only that the foregoing discussions

satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that

they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 7,216,301

51.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

52.     The '301 Patent is directed to systems and methods for navigating within a multi-level hierarchical information structure, as described and claimed in the '301 Patent.

53.     Defendants have and continue to directly infringe at least Claims 1-5 and 9 of the '301 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.MediaTek.com and https://www.MediaTek.com/en_US/home.html and maintained on servers located in and/or accessible from the United States under the control of Defendants; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing or that allows navigating within a multi-level hierarchical information structure, where each level in the information structure contains plural items, each item being at least one of a function, a pointer to a location, and a pointer to another level (hereinafter, the "'301 Accused Instrumentalities") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (annotated).

54.     By way of example, the '301 Accused Instrumentalities provide a method for navigating within a multi-level hierarchical information structure where each level in the information structure contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level (e.g., the '301 Accused Instrumentalities provide a method for navigating within a multi-level hierarchical collapsing menu structure (e.g., collapsing menu structure opened via the menu icon on the left hand upper corner of the Defendants' web page) each level in the information structure contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level (e.g., "Home" includes "Products," which includes "Mobile", which includes "MediaTek Dimensity 5G," which includes "MediaTek Dimensity 1000")) as shown below:



*See e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020).

55.     More specifically, the '301 Accused Instrumentalities provide a graphical user menu system displaying the items of a given level of the hierarchical information structure and enabling selection thereof (e.g., "MediaTek Dimensity 5G" displays and enables selection of items of a given level, such as "MediaTek Dimensity 1000"); and dynamically constructing an Active Path as a sequence of active links as items are selected using the graphical user menu system (e.g., the '301 Accused Instrumentalities dynamically construct an active path (e.g., "Products—Mobile—MediaTek Dimensity 5G—MediaTek Dimensity 1000") as a sequence of active links as items are selected (e.g., as "Products," "Mobile," "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" are selected)), with one said active link corresponding to each of the items selected, said active links providing direct access to one of a function, corresponding level and menu item without the need to navigate using said graphical user menu system (e.g., the '301 Accused Instrumentalities' active path "Products—Mobile—MediaTek Dimensity 5G—MediaTek Dimensity 1000" corresponds to each of the items selected, including "Products," "Mobile," "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-1000 (last visited Feb. 10, 2020).

56.    Also, each active link in the '301 Accused Instrumentalities enables the user to directly browse all items on any given level of the hierarchical information structure including all hierarchically subordinate items without affecting the Active Path (e.g., the '301 Accused Instrumentalities enable the user to directly browse all items under "MediaTek Dimensity 5G" such as "MediaTek Dimensity 1000" without affecting the active path "Products—Mobile— MediaTek Dimensity 5G" or "Products—Mobile—MediaTek Dimensity 5G— MediaTek Dimensity 1000") as shown below:



*See e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020).

57.    On information and belief, the '301 Accused Instrumentalities provide pre-defined short-cuts enabling direct access to a given menu item (e.g., the '301 Accused Instrumentalities provide pre-defined shortcuts, such as "Learn More" about "MediaTek

Dimensity" (*see, e.g.*, https://www.mediatek.com/products/smartphones) enabling direct access to a given menu item); and dynamically constructing the Active Path when a pre-defined short-cut is executed, with one said active link corresponding to each of the items necessary to access said given item using said graphical user menu system (e.g., the Active Path is dynamically constructed when "Learn More" about "MediaTek Dimensity" under "Mobile" is executed to access content under "MediaTek Dimensity 5G," with the active link "Home," "Products," "Mobile," and "MediaTek Dimensity 5G" corresponding to each of the menu items necessary to access the given menu item using the graphical user menu system) as shown below:



*See e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020) (annotated).

58.     On information and belief, in the '301 Accused Instrumentalities, rolling over a selected active link triggers the display of sibling items on the hierarchically subordinate levels associated with said selected active link (e.g., the '301 Accused Instrumentalities allow rolling over the link "Products" to trigger the display of sibling items (e.g., "Mobile" and "Tablets") on the hierarchically subordinate levels associated with the selected active link "Products") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020)

(annotated).

59.     On information and belief, the '301 Accused Instrumentalities allow selecting a

given active link to trigger the execution of a function associated with said given active link

(e.g., selecting a given active link such as "Products" triggers the execution of a function, such as

displaying sibling menus (e.g., "Mobile" and "Tablets") or directing user to certain content).  *See

id.*

60.     On information and belief, the '301 Accused Instrumentalities allow selecting a

given active link to trigger display of information associated with said given active link (e.g., the

'301 Accused Instrumentalities allow selecting the link "MediaTek Dimensity 5G" to trigger

display of information (e.g., displaying "MediaTek Dimensity 1000") associated with the link

"MediaTek Dimensity 5G").

61.     On information and belief, the '301 Accused Instrumentalities provide a method

for navigating within a multi-level hierarchical information structure where each level in the

- 22 -

structure contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (annotated).

62.    By way of example, the '301 Accused Instrumentalities provide a method for navigating within a multi-level hierarchical information structure where each level in the structure contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level (e.g., the '301 Accused Instrumentalities provide a method for navigating within a multi-level hierarchical collapsing menu structure (e.g., collapsing menu structure opened via the menu icon on the left hand upper corner of the Defendants' web page) each level in the information structure contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level (e.g., "Home" includes "Products," which includes "Mobile", which includes "MediaTek Dimensity 5G," which includes "MediaTek Dimensity 1000")) as shown below:



*See e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (annotated).

63.    More specifically, the '301 Accused Instrumentalities provide displaying a graphic element representing a root of the hierarchical information structure (e.g., the '301 Accused Instrumentalities display a "menu" graphic element that represents a root of the hierarchical information structure) as shown below:



# Expect Incredible

MediaTek Dimensity - Fast & Smart 5G Chipset Family

*See e.g.*, https://www.mediatek.com/products/smartphones  (last visited Feb. 10, 2020) (annotated).

64.    Also, the '301 Accused Instrumentalities allow browsing the hierarchical information structure by rolling over said graphic element using a pointing device (e.g., by

rolling over a mouse over the "menu" graphical element and selecting "Products," "Mobile" and "MediaTek Dimensity 5G"), wherein browsing results in the display of sibling items or hierarchically subordinate items (e.g., browsing "Products" results in the display of items such as "Mobile" and "Tablets"); selecting one of the displayed items (e.g., selecting "MediaTek Dimensity 5G" under "Mobile"); dynamically constructing an Active Path as a sequence of active links as items are selected (e.g., the '301 Accused Instrumentalities dynamically construct an active path (e.g., "Products—Mobile—MediaTek Dimensity 5G") as a sequence of active links as items are selected (e.g., as "MediaTek Dimensity 5G" is selected)), with one said active link corresponding to each of the items selected, said active links providing direct access to one of a function, corresponding level and item without the need to navigate from the root of the hierarchical information structure (e.g., the '301 Accused Instrumentalities' active path "Home—Products—Mobile—MediaTek Dimensity 5G" corresponds to each of the items sequentially selected, including "Product," "Mobile," and "MediaTek Dimensity 5G" and allows direct access without the need to navigate from the root of the hierarchical information structure).

65.     Also, each said active link in the '301 Accused Instrumentalities enables the user to directly browse all items on any given level of the hierarchical information structure including all hierarchically subordinate items without affecting the Active Path (e.g., the '301 Accused Instrumentalities enable the user to directly browse all items under" "MediaTek Dimensity 5G" such as "MediaTek Dimensity 1000" without affecting the active path "Home—Products— Mobile—MediaTek Dimensity 5G—MediaTek Dimensity 1000") as shown below:



*See e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020).

66.　　Discovery is expected to uncover the full extent of Defendants' infringement of the '301 Patent beyond the '301 Accused Instrumentalities already identified through public information.

67.　　Upon information and belief, Defendants have induced and continue to induce others to infringe at least Claims 1-5 and 9 of the '301 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' new, current, and prospective users, partners, customers and other third parties, whose use of the '301 Accused Instrumentalities constitutes direct infringement of at least Claims 1-5 and 9 of the '301 Patent.

68.　　In particular, Defendants' actions that aid and abet others such as their new, current, and prospective users, partners, customers and third parties to infringe include, for example, advertising, promoting, and providing instructions on using the '301 Accused Instrumentalities.  On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement

because Defendants have had actual knowledge of the '301 Patent and knowledge that their acts were inducing infringement of the '301 Patent since at least the date Defendants received notice based on the filing of this Complaint that such activities infringed the '301 Patent.

69.     Defendants' acts of inducement include, without limitation: providing the '301 Accused Instrumentalities to their new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '301 Accused Instrumentalities that enable and/or make use of content published therein; encouraging customers and other third parties to communicate directly with Defendants' representatives about the '301 Accused Instrumentalities and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.mediatek.com/about/contact-us (providing contact information to address sales regarding the '301 Accused Instrumentalities); *see also id.* (providing a messaging platform for communicating the same); *see also* https://www.mediatek.com/corporate-social-responsibility/global-presence/client-services (providing a customer support service relating to the '301 Accused Instrumentalities); encouraging customers and other third parties to use the '301 Accused Instrumentalities to access content published therein (e.g., https://www.facebook.com/MediaTek/videos/965975860464770/ (providing an URL ( https://www.mediatek.com/products/smartphones/mediatek-helio-p95?fbclid=IwAR3XDFNVq4-YRHdqY9KRPmf8VgGmP7WUFRDGPiQpgpF1EByIdxmfJe4d4h8) to a "MediaTek Helio P95" webpage that can be accessed using the '301 Accused Instrumentalities); *see also* https://www.mediatek.com/innovations/whitepapers-list (providing content through the '301 Accused Instrumentalities); *see also* https://www.mediatek.com/investor-relations/financial-information (recommending investors and other third parties use the '301 Accused

Instrumentalities to access financial results relating to Defendants' financial information); *see also* https://www.facebook.com/MediaTek/?brand_redir=1136062269843194, https://twitter.com/MediaTek?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor, and https://www.linkedin.com/company/mediatek/about/ (Defendants' social media accounts promoting the use of the '301 Accused Instrumentalities through which various media content can be accessed); *see also* https://www.mediatek.com/news-events/press-releases/mediateks-i500-aiot-platform-powers-tooplooxs-smart-self-checkout-application (providing press releases encouraging customers and other third parties to use the '301 Accused Instrumentalities to access content (for example, providing an URL (https://www.mediatek.com/products/iot/rich-iot) to a "Rich IoT" webpage that can be accessed using the '301 Accused Instrumentalities)); and https://www.mediatek.com/blog (providing blogs encouraging customers and other third parties to use the '301 Accused Instrumentalities to access content ((providing an URL (https://www.mediatek.com/products/smartphones/mediatek-helio-p60) to a "MediaTek Helio P60" webpage that can be accessed using the '301 Accused Instrumentalities)).

70.    Defendants performed acts of inducement despite their actual knowledge since at least the filing date of this Complaint and their knowledge that the specific actions they actively induced and continue to actively induce on the part of their users, partners, and customers, and other third parties constitute infringement of the '301 Patent.  At the very least, because Defendants have been, and remain, on notice of the '301 Patent and the accused infringement, they have been, and remain, willfully blind regarding the infringement that they have induced and continue to induce.

71.    On information and belief, Defendants have contributed to, and continue to contribute to, infringement of at least Claims 1-5 and 9 of the '301 Patent pursuant to 35 U.S.C.

§ 271(c) by providing the '301 Accused Instrumentalities that have contributed, and continue to contribute, to the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of the filing date of this Complaint) that the '301 Accused Instrumentalities are especially made or adapted for use in an infringement of the '301 Patent.  For example, by providing the web pages, software, and computer equipment identified above, Defendants contribute to the direct infringement of users of said web pages, software, and computer equipment.  The '301 Accused Instrumentalities are material components or apparatuses for use in practicing the '301 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

72.     For example, the '301 Accused Instrumentalities provide a graphical user menu system through which a user can navigate within a multi-level hierarchical information structure according to the claimed invention(s).  Defendants supplied, and continue to supply, the '301 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '301 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '301 Patent.  Moreover, Defendants know at least by virtue of their knowledge of their own products and services and the '301 Patent that the '301 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '301 Patent and there is no substantial non-infringing use of the '301 Accused Instrumentalities, or components or apparatuses thereof.

73.     Defendants have directly and indirectly infringed the '301 Patent and are thus liable for infringement of the '301 Patent pursuant to 35 U.S.C. § 271.

74.     Plaintiffs have suffered, and continue to suffer, damages as a result of Defendants' infringement of the '301 Patent.

75.     Defendants have continued to infringe the '301 Patent since at least the filing date of this Complaint, despite being on notice of the '301 Patent and their infringement.  Defendants have therefore infringed the '301 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights since at least the filing date of this Complaint, at least by infringing with actual knowledge of their direct and indirect infringement or while remaining willfully blind to the fact of their direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

76.     Plaintiffs reserve the right to modify their infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of their infringement contentions or their claim constructions by the foregoing discussions on how the '301 Accused Instrumentalities infringe the '301 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 7,640,517

77.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

78.     The '517 Patent is directed to systems and methods for navigating within a hierarchical menu structure, as described and claimed in the '517 Patent.

79.     Defendants have and continue to directly infringe at least Claims 1-3 and 5-6 of the '517 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using,

selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.MediaTek.com and https://www.MediaTek.com/en_US/home.html and maintained on servers located in and/or accessible from the United States under the control of Defendants; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing or that allows navigating within a hierarchical menu structure, where each level in the menu contains plural items (hereinafter, the "'517 Accused Instrumentalities") as shown below:



*See, e.g.,* https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (annotated).

80.     By way of example, the '517 Accused Instrumentalities provide a method for navigating within a hierarchical menu structure where each level in the menu contains plural items as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (annotated).

81.     More specifically, the '517 Accused Instrumentalities provide a graphical user menu system displaying the items of a given level and enabling selection thereof (e.g., "MediaTek Dimensity 5G" displays and enables selection of items of a given level, such as "MediaTek Dimensity 1000"), wherein access of said given level requires sequential access of each of the levels preceding said given level in the hierarchy (e.g., to access "MediaTek Dimensity 1000," "MediaTek Dimensity 5G" is accessed first; as another example, to access "MediaTek Dimensity 5G," "Mobile" is accessed first); and constructing an Active Path as a sequence of hierarchical active links as items are selected using the graphical user menu system (e.g., the '517 Accused Instrumentalities construct an active path (e.g., "Products—Mobile—MediaTek Dimensity 5G—MediaTek Dimensity 1000") as a sequence of active links as items are selected (e.g., as "Products," "Mobile," "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" are selected)), with one said active link corresponding to each of the items selected, each said active link providing direct access to the hierarchical level from which the corresponding item was selected without using said graphical user menu system (e.g., the '517

Accused Instrumentalities' active path "Products—Mobile—MediaTek Dimensity 5G—MediaTek Dimensity 1000" corresponds to each of the items selected, including "Products," "Mobile," "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000," each link providing direct access to the hierarchical level from which "Products," "Mobile," "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000" was selected without using the graphical user menu system) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (annotated).

82.     Also, the '517 Accused Instrumentalities display the Active Path as an alternative to the graphical user menu system for navigating the menu structure after the user has finished selecting items using the graphical user system such that the Active Path is displayed (e.g., the '517 Accused Instrumentalities display the Active Path as an alternative to their graphical user menu system for navigating the menu structure after the user has finished selecting items, such as "MediaTek Dimensity 5G," using MediaTek's graphical user menu system such that MediaTek's Active Path is displayed) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10,

2020); *see also* https://www.mediatek.com/products/smartphones/dimensity-1000 (last visited

Feb. 10, 2020).

83.     On information and belief, in the '517 Accused Instrumentalities, rolling over a

given active link with the pointer of a pointing device triggers the display of menu items on the

hierarchical level associated with said given active link without disturbing the displayed Active

Path (e.g., pre-selecting the "Products" active link triggers the display of sibling menu items,

such as "Mobile" and "Tablets" without disturbing the displayed Active Path) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020) (annotated).

84.     On information and belief, the '517 Accused Instrumentalities provide pre-defined short-cuts enabling direct access to a given menu item (e.g., the '517 Accused Instrumentalities provide pre-defined shortcuts, such as "Learn More" about "MediaTek Dimensity" (*see, e.g.*, https://www.mediatek.com/products/smartphones) enabling direct access to a given menu item) and automatically constructing the Active Path when a pre-defined short-cut is executed, with one said active link corresponding to each of the menu items necessary to access said given menu item using said graphical user menu system (e.g., the active path is automatically constructed when "Learn More" about "MediaTek Dimensity" under "Mobile" is executed to access content under "MediaTek Dimensity 5G," with the active link "Home," "Products," "Mobile," and "MediaTek Dimensity 5G" corresponding to each of the menu items necessary to access the given menu item using the graphical user menu system) as shown below:



*See e.g.*, https://www.mediatek.com/products/smartphones  (last visited Feb. 10, 2020) (annotated).

85.    On information and belief, in the '517 Accused Instrumentalities, a given active link is browsed by rolling over the given active link with a pointing device to trigger the display of sibling menu items on the level associated with said given active link (e.g., rolling over the link "Products" with a mouse to trigger the display of sibling items such as "Mobile" and "Tablets") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020) (annotated).

86.     On information and belief, in the '517 Accused Instrumentalities, selecting a given active link triggers the execution of a function associated with said given active link (e.g., selecting a given active link such as "Products" triggers the execution of a function, such as displaying sibling menus (e.g., "Mobile" and "Tablets") or directing user to certain content).

87.     On information and belief, in the '517 Accused Instrumentalities, selecting a given active link triggers display of information associated with said given active link (e.g., the '517 Accused Instrumentalities allow selecting the link "MediaTek Dimensity 5G" to trigger display of information (e.g., displaying "MediaTek Dimensity 1000") associated with the link "MediaTek Dimensity 5G").

88.     Discovery is expected to uncover the full extent of Defendants' infringement of the '517 Patent beyond the '517 Accused Instrumentalities already identified through public information.

89.     Upon information and belief, Defendants have induced and continue to induce others to infringe at least Claims 1-3 and 5-6 of the '517 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' new, current, and prospective users, partners, customers and other third parties, whose use of the '517 Accused Instrumentalities constitutes direct infringement of at least Claims 1-3 and 5-6 of the '517 Patent.

90.     In particular, Defendants' actions that aid and abet others such as their new, current, and prospective users, partners, customers and third parties to infringe include, for example, advertising, promoting, and providing instructions on using the '517 Accused Instrumentalities.  On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement

because Defendants have had actual knowledge of the '517 Patent and knowledge that their acts were inducing infringement of the '517 Patent since at least the date Defendants received notice based on the filing of this Complaint that such activities infringed the '517 Patent.

91.     Defendants' acts of inducement include, without limitation: providing the '517 Accused Instrumentalities to their new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '517 Accused Instrumentalities that enable and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.mediatek.com/about/contact-us (providing contact information to address sales regarding the '517 Accused Instrumentalities); *see also id.* (providing a messaging platform for communicating the same); *see also* https://www.mediatek.com/corporate-social-responsibility/global-presence/client-services (providing a customer support service relating to the '517 Accused Instrumentalities); encouraging customers and other third parties to use the '517 Accused Instrumentalities to access content published therein (e.g., https://www.facebook.com/MediaTek/videos/965975860464770/ (providing an URL ( https://www.mediatek.com/products/smartphones/mediatek-helio-p95?fbclid=IwAR3XDFNVq4-YRHdqY9KRPmf8VgGmP7WUFRDGPiQpgpF1EByIdxmfJe4d4h8) to a "MediaTek Helio P95" webpage that can be accessed using the '517 Accused Instrumentalities); *see also* https://www.mediatek.com/innovations/whitepapers-list (providing content through the '517 Accused Instrumentalities); *see also* https://www.mediatek.com/investor-relations/financial-information (recommending investors and other third parties use the '517 Accused Instrumentalities to access financial results relating to Defendants' financial information); *see also* https://www.facebook.com/MediaTek/?brand_redir=1136062269843194,

https://twitter.com/MediaTek?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauth or, and https://www.linkedin.com/company/mediatek/about/ (Defendants' social media accounts promoting the use of the '517 Accused Instrumentalities through which various media content can be accessed); *see also* https://www.mediatek.com/news-events/press-releases/mediateks-i500-aiot-platform-powers-tooplooxs-smart-self-checkout-application (providing press releases encouraging customers and other third parties to use the '517 Accused Instrumentalities to access content (for example, providing an URL (https://www.mediatek.com/products/iot/rich-iot) to a "Rich IoT" webpage that can be accessed using the '517 Accused Instrumentalities)); and https://www.mediatek.com/blog (providing blogs encouraging customers and other third parties to use the '517 Accused Instrumentalities to access content ((providing an URL (https://www.mediatek.com/products/smartphones/mediatek-helio-p60) to a "MediaTek Helio P60" webpage that can be accessed using the '517 Accused Instrumentalities)).

92.     Defendants performed acts of inducement despite their actual knowledge since at least the filing date of this Complaint and their knowledge that the specific actions they actively induced and continue to actively induce on the part of their users, partners, and customers, and other third parties constitute infringement of the '517 Patent.  At the very least, because Defendants have been, and remain, on notice of the '517 Patent and the accused infringement, they have been, and remain, willfully blind regarding the infringement that they have induced and continue to induce.

93.     On information and belief, Defendants have contributed to, and continue to contribute to, infringement of at least Claims 1-3 and 5-6 of the '517 Patent pursuant to 35 U.S.C. § 271(c) by providing the '517 Accused Instrumentalities that have contributed, and continue to contribute, to the direct infringement of new, current, and prospective users, partners,

customers and other third parties with the knowledge (at least as of the filing date of this

Complaint) that the '517 Accused Instrumentalities are especially made or adapted for use in an

infringement of the '517 Patent.  For example, by providing the web pages, software, and

computer equipment identified above, Defendants contribute to the direct infringement of users

of said web pages, software, and computer equipment.  The '517 Accused Instrumentalities are

material components or apparatuses for use in practicing the '517 Patent and are not staple

articles of commerce suitable for substantial non-infringing use.

94.     For example, the '517 Accused Instrumentalities provide a graphical user menu

system through which a user can navigate within a hierarchical menu structure according to the

claimed invention(s).  Defendants supplied, and continue to supply, the '517 Accused

Instrumentalities, or components or apparatuses thereof, with the knowledge of the '517 Patent

and with the knowledge that these components or apparatuses constitute critical and material

parts of the claimed inventions of the '517 Patent.  Moreover, Defendants know at least by virtue

of their knowledge of their own products and services and the '517 Patent that the '517 Accused

Instrumentalities are especially made and/or especially adapted for use as claimed in the '517

Patent and there is no substantial non-infringing use of the '517 Accused Instrumentalities, or

components or apparatuses thereof.

95.     Defendants have directly and indirectly infringed the '517 Patent and are thus

liable for infringement of the '517 Patent pursuant to 35 U.S.C. § 271.

96.     Plaintiffs have suffered, and continue to suffer, damages as a result of

Defendants' infringement of the '517 Patent.

97.     Defendants have continued to infringe the '517 Patent since at least the filing date

of this Complaint, despite being on notice of the '517 Patent and their infringement.  Defendants

have therefore infringed the '517 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights since at least the filing date of this Complaint, at least by infringing with actual knowledge of their direct and indirect infringement or while remaining willfully blind to the fact of their direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

98.      Plaintiffs reserve the right to modify their infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of their infringement contentions or their claim constructions by the foregoing discussions on how the '517 Accused Instrumentalities infringe the '517 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 7,725,836

99.      Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

100.      The '836 Patent is directed to systems and methods for navigating within a multi-level hierarchical information structure, as described and claimed in the '836 Patent.

101.      Defendants have and continue to directly infringe at least Claims 1-5 and 7-8 the '836 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the

web pages and content accessible via https://www.MediaTek.com and

https://www.MediaTek.com/en_US/home.html and maintained on servers located in and/or

accessible from the United States under the control of Defendants; (ii) software, including,

without limitation, software that allows content to be interactively presented in and/or served to

browsers; (iii) computer equipment, including, without limitation, computer equipment that

stores, serves, and/or runs any of the foregoing or that allows navigating within a multi-level

hierarchical information structure where each level in the menu contains plural items, each said

item being at least one of a function, a pointer to a location, and a pointer to another level

(hereinafter, the "'836 Accused Instrumentalities") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10,

2020) (annotated).

102.    By way of example, the '836 Accused Instrumentalities provide a method for

navigating within a multi-level hierarchical information structure where each level in the menu

contains plural items as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (annotated).

103.     More specifically, the '836 Accused Instrumentalities provide a graphical user menu system displaying the items of a given level of the hierarchical information structure and enabling selection thereof (e.g., "MediaTek Dimensity 5G" displays and enables selection of items of a given level, such as "MediaTek Dimensity 1000"); and constructing an Active Path as a sequence of active links as the user navigates the information structure using the graphical user menu system (e.g., the '836 Accused Instrumentalities construct an active path (e.g., "Products—Mobile—MediaTek Dimensity 5G—MediaTek Dimensity 1000") as the user navigates the information structure using the graphical user menu system including "Products," "Mobile," "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000")), with one said active link corresponding to each of the hierarchical levels accessed by the user (e.g., the '836 Accused Instrumentalities' active path "Products—Mobile—MediaTek Dimensity 5G" corresponds to each of the items selected, including "Products," "Mobile," and "MediaTek Dimensity 5G"), said active links providing direct access to one of a function, corresponding level and menu item without the need to navigate using said graphical user menu system (e.g., the '836 Accused

Instrumentalities' active path "MediaTek Dimensity 5G—MediaTek Dimensity 1000"
corresponds to each of the hierarchical levels accessed by the user, including "MediaTek
Dimensity 1000" each link providing direct access to one of a function, corresponding level and
menu item without the need to navigate using said graphical user menu system) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10,
2020) (last visited Feb. 10, 2020) (annotated).

104.    Also, in the '836 Accused Instrumentalities, a given said active link enables the
user to browse items of the hierarchical information structure starting from the level
corresponding with the given active link and items on hierarchically subordinate levels without
affecting the Active Path (e.g., the '836 Accused Instrumentalities enable the user to browse
items of the hierarchical information structure starting from "Products" and items on
hierarchically subordinate levels such as "Mobile," "MediaTek Dimensity 5G," and "MediaTek
Dimensity 1000" without affecting the active path "Products—Mobile—MediaTek Dimensity
5G—MediaTek Dimensity 1000" or "Mobile—MediaTek Dimensity 5G—MediaTek Dimensity
1000) as shown below:

- 44 -



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (last visited Feb. 10, 2020) (annotated).

105.    On information and belief, the '836 Accused Instrumentalities provide pre-defined short-cuts enabling direct access to a given menu item (e.g., the '836 Accused Instrumentalities provide pre-defined shortcuts, such as "Learn More" about "MediaTek Dimensity" (*see, e.g.*, https://www.mediatek.com/products/smartphones) enabling direct access to a given menu item); and dynamically constructing the Active Path when a pre-defined short-cut is executed, with one said active link corresponding to each of the menu items necessary to access said given menu item using said graphical user menu system (e.g., the Active Path is dynamically constructed when "Learn More" about "MediaTek Dimensity" under "Mobile" is executed to access content under "MediaTek Dimensity 5G," with the active link "Home," "Products," "Mobile," and "MediaTek Dimensity 5G" corresponding to each of the menu items necessary to access the given menu item using the graphical user menu system) as shown below:



*See e.g.*, https://www.mediatek.com/products/smartphones  (last visited Feb. 10, 2020) (annotated).

106.    On information and belief, in the '836 Accused Instrumentalities, rolling over a selected active link triggers the display of sibling menu items on the hierarchically subordinate levels associated with said selected active link (e.g., the '836 Accused Instrumentalities allow rolling over the link "Products" to trigger the display of sibling items (e.g., "Mobile" and "Tablets") on the hierarchically subordinate levels associated with the selected active link "Products") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020)
(annotated).

107.    On information and belief, the '836 Accused Instrumentalities allow selecting a
given active link triggers the execution of a function associated with said given active link (e.g.,
selecting a given active link such as "MediaTek Dimensity 5G" triggers the execution of a
function, such as displaying sibling menus (e.g., "MediaTek Dimensity 1000") or directing user
to certain content).

108.    On information and belief, the '836 Accused Instrumentalities allow selecting a
given active link to trigger display of information associated with said given active link (e.g.,
selecting a given active link such as "Products" triggers the execution of a function, such as
displaying sibling menus (e.g., "Mobile" and "Tablets") or directing user to certain content).

109.    On information and belief, the multi-level hierarchical information structure is a
website (e.g., https://www.MediaTek.com and https://www.MediaTek.com/en_US/home.html).

110.    On information and belief, the '836 Accused Instrumentalities provides a method
for navigating websites including a plurality of hierarchically organized web pages, including
providing a means for navigating the multi-level hierarchical website (e.g., the '836 Accused
Instrumentalities provides a graphical user menu system for navigating a multi-level hierarchical
website); and dynamically constructing an Active Path as a sequence of active links as the user
navigates the multi-level hierarchical website as a sequence of active links as the user navigates
the multi-level hierarchical website (e.g., the '836 Accused Instrumentalities dynamically
construct an active path (e.g., "Products—Mobile—MediaTek Dimensity 5G—MediaTek
Dimensity 1000") as a sequence of active links as the user navigates the website (e.g., as the user
navigates "Products," "Mobile," "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000")),

wherein each said active link corresponds to a level in the hierarchical structure (e.g., the '836 Accused Instrumentalities' active path "Products—Mobile—MediaTek Dimensity 5G" corresponds to each level in the hierarchical structure, including "Products," "Mobile," and "MediaTek Dimensity 5G"), wherein a user may directly access any given level of the hierarchical structure by selecting a given said active link as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020); *see also* https://www.mediatek.com/products/smartphones/dimensity-1000 (last visited Feb. 10, 2020).

111.    Also, each active link provides the user the ability to directly browse items on any given level of the hierarchical menu structure and hierarchically subordinate items without affecting the Active Path (e.g., the '836 Accused Instrumentalities' active link provides the user the ability to directly browse items on any given level of the hierarchical menu structure and hierarchically subordinate items such as "Mobile," "MediaTek Dimensity 5G," and "MediaTek Dimensity 1000" under "Products" without affecting the active path "Products—Mobile—MediaTek Dimensity 5G—MediaTek Dimensity 1000" or "Mobile—MediaTek Dimensity 5G—MediaTek Dimensity 1000" or "MediaTek Dimensity 5G—MediaTek Dimensity 1000") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020).

112.    Discovery is expected to uncover the full extent of Defendants' infringement of the '836 Patent beyond the '836 Accused Instrumentalities already identified through public information.

113.    Upon information and belief, Defendants have induced and continue to induce others to infringe at least Claims 1-5 and 7-8 of the '836 Patent under 35 U.S.C. § 271(b) by,

among other things, and with specific intent or willful blindness, actively aiding and abetting

others to infringe, including but not limited to Defendants' new, current, and prospective users,

partners, customers and other third parties, whose use of the '836 Accused Instrumentalities

constitutes direct infringement of at least Claims 1-5 and 7-8 of the '836 Patent.

114.    In particular, Defendants' actions that aid and abet others such as its new, current,

and prospective users, partners, customers and third parties to infringe include, for example,

advertising, promoting, and providing instructions on using '836 Accused Instrumentalities.  On

information and belief, Defendants have engaged in such actions with specific intent to cause

infringement or with willful blindness to the resulting infringement because Defendants have had

actual knowledge of the '836 Patent and knowledge that their acts were inducing infringement of

the '836 Patent since at least the date Defendants received notice based on the filing of this

Complaint that such activities infringed the '836 Patent.

115.    Defendants' acts of inducement include, without limitation: providing the '836

Accused Instrumentalities to their new, current, and prospective users, partners, and customers,

and other third parties and intending them to use the '836 Accused Instrumentalities that enable

and/or make use of content published therein; encouraging customers and other third parties to

communicate directly with Defendants' representatives about the '836 Accused Instrumentalities

and content published therein for purposes of technical assistance as well as sales and marketing

(*see, e.g.*, https://www.mediatek.com/about/contact-us (providing contact information to address

sales regarding the '836 Accused Instrumentalities); *see also id.* (providing a messaging platform

for communicating the same); *see also* https://www.mediatek.com/corporate-social-

responsibility/global-presence/client-services (providing a customer support service relating to

the '836 Accused Instrumentalities); encouraging customers and other third parties to use the

'836 Accused Instrumentalities to access content published therein (e.g.,

https://www.facebook.com/MediaTek/videos/965975860464770/ (providing an URL (

https://www.mediatek.com/products/smartphones/mediatek-helio-

p95?fbclid=IwAR3XDFNVq4-

YRHdqY9KRPmf8VgGmP7WUFRDGPiQpgpF1EByIdxmfJe4d4h8) to a "MediaTek Helio

P95" webpage that can be accessed using the '836 Accused Instrumentalities); *see also*

https://www.mediatek.com/innovations/whitepapers-list (providing content through the '836

Accused Instrumentalities); *see also* https://www.mediatek.com/investor-relations/financial-

information (recommending investors and other third parties use the '836 Accused

Instrumentalities to access financial results relating to Defendants' financial information); *see*

*also* https://www.facebook.com/MediaTek/?brand_redir=1136062269843194,

https://twitter.com/MediaTek?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauth

or, and https://www.linkedin.com/company/mediatek/about/ (Defendants' social media accounts

promoting the use of the '836 Accused Instrumentalities through which various media content

can be accessed); *see also* https://www.mediatek.com/news-events/press-releases/mediateks-

i500-aiot-platform-powers-tooplooxs-smart-self-checkout-application (providing press releases

encouraging customers and other third parties to use the '836 Accused Instrumentalities to access

content (for example, providing an URL (https://www.mediatek.com/products/iot/rich-iot) to a

"Rich IoT" webpage that can be accessed using the '836 Accused Instrumentalities)); and

https://www.mediatek.com/blog (providing blogs encouraging customers and other third parties

to use the '836 Accused Instrumentalities to access content ((providing an URL

(https://www.mediatek.com/products/smartphones/mediatek-helio-p60) to a "MediaTek Helio

P60" webpage that can be accessed using the '836 Accused Instrumentalities)).

116.    Defendants performed acts of inducement despite their actual knowledge since at least the filing date of this Complaint and their knowledge that the specific actions they actively induced and continue to actively induce on the part of their users, partners, and customers, and other third parties constitute infringement of the '836 Patent.  At the very least, because Defendants have been, and remain, on notice of the '836 Patent and the accused infringement, they have been, and remain, willfully blind regarding the infringement that they have induced and continue to induce.

117.    On information and belief, Defendants have contributed to, and continue to contribute to, infringement of at least Claims 1-5 and 7-8 of the '836 Patent pursuant to 35 U.S.C. § 271(c) by providing the '836 Accused Instrumentalities that have contributed, and continue to contribute, to the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of the filing date of this Complaint) that the '836 Accused Instrumentalities are especially made or adapted for use in an infringement of the '836 Patent.  For example, by providing the web pages, software, and computer equipment identified above, Defendants contribute to the direct infringement of users of said web pages, software, and computer equipment. The '836 Accused Instrumentalities are material components or apparatuses for use in practicing the '836 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

118.    For example, the '836 Accused Instrumentalities provide a graphical user menu system through which a user can navigate within a multi-level hierarchical information structure according to the claimed invention(s).  Defendants supplied, and continue to supply, the '836 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '836 Patent and with the knowledge that these components or apparatuses constitute critical and

material parts of the claimed inventions of the '836 Patent.  Moreover, Defendants know at least

by virtue of their knowledge of their own products and services and the '836 Patent that the '836

Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the

'836 Patent and there is no substantial non-infringing use of the '836 Accused Instrumentalities,

or components or apparatuses thereof.

119.    Defendants have directly and indirectly infringed the '836 Patent and are thus

liable for infringement of the '836 Patent pursuant to 35 U.S.C. § 271.

120.    Plaintiffs have suffered, and continue to suffer, damages as a result of

Defendants' infringement of the '836 Patent.

121.    Defendants have continued to infringe the '836 Patent since at least the filing date

of this Complaint, despite being on notice of the '836 Patent and their infringement.  Defendants

have therefore infringed the '836 Patent knowingly, willfully, deliberately, and in disregard of

Plaintiffs' patent rights since at least the filing date of this Complaint, at least by infringing with

actual knowledge of their direct and indirect infringement or while remaining willfully blind to

the fact of their direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are

entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35

U.S.C. § 285.

122.    Plaintiffs reserve the right to modify their infringement theories as discovery

progresses in this case.  Plaintiffs shall not be estopped for purposes of their infringement

contentions or their claim constructions by the foregoing discussions on how the '836 Accused

Instrumentalities infringe the '836 Patent.  Plaintiffs intend only that the foregoing discussions

satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that

they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

<u>**COUNT V - INFRINGEMENT OF U.S. PATENT NO. 8,352,880**</u>

123.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

124.    The '880 Patent is directed to systems and methods for navigating an information structure, as described and claimed in the '880 Patent.

125.    The '880 Patent is directed to systems and methods for navigating within a hierarchical menu structure where each level in the menu contains plural items, as described and claimed in the '880 Patent.

126.    Defendants have and continue to directly infringe at least Claims 1, 3-10, 12-20 and 22 of the '880 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.MediaTek.com and https://www.MediaTek.com/en_US/home.html and maintained on servers located in and/or accessible from the United States under the control of Defendants; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing or that allows navigating an information structure (hereinafter, the "'880 Accused Instrumentalities") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (annotated).

127.    By way of example, the '880 Accused Instrumentalities provide a method for navigating an information structure as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (last visited Feb. 10, 2020) (annotated).

128.    More specifically, the '880 Accused Instrumentalities provide a graphical menu interface displaying the items of a given level of the information structure and enabling selection

thereof (e.g., "MediaTek Dimensity 5G" displays and enables selection of items of a given level, such as "MediaTek Dimensity 1000"); and dynamically constructing an active path as a sequence of active links after an item of the information structure has been selected (e.g., the '880 Accused Instrumentalities dynamically construct an active path (e.g., "MediaTek Dimensity 5G—MediaTek Dimensity 1000") as a sequence of active links after an item of the information structure has been selected (e.g., as "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" are selected)); upon provisional selection of any said active link, displaying one or more items on a given level of the information structure without affecting the active path (e.g., the '880 Accused Instrumentalities displays one or more items under "MediaTek Dimensity 5G" such as "MediaTek Dimensity 1000" without affecting the active path "MediaTek Dimensity 5G" or "MediaTek Dimensity 5G—MediaTek Dimensity 1000") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (last visited Feb. 10, 2020) (annotated).

129.   Also, the active links allow a user to access an item in the information structure by selecting from the one or more items displayed by one of the active links on the active path (e.g., each link in the active path "MediaTek Dimensity 5G—MediaTek Dimensity 1000" allows

a user to access an item in the information structure such as "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" by selecting from the one or more items displayed by "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (last visited Feb. 10, 2020) (annotated).

130.    On information and belief, in the '880 Accused Instrumentalities, the one or more active links allow the display of one or more items on a given level of the information structure when a pointer is rolled over one of the active links (e.g., the active link "Products" allows the display of items such as "Mobile," "Tablet," "Home," "Connectivity & Networking," "Automotive," and "Internet of Things" when a mouse is rolled over the "Products" when a pointer is rolled over it) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020) (annotated).

131.    On information and belief, in the '880 Accused Instrumentalities, the one or more active links allow the display of one or more items on a given level of the information structure when one of the active links is selected (e.g., the active link "Products" allows the display of items such as "Mobile," "Tablet," "Home," "Connectivity & Networking," "Automotive," and "Internet of Things" when a mouse is rolled over the "Products" when it is selected) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020)

(annotated).

132.    On information and belief, in the '880 Accused Instrumentalities, the one or more
active links allow the display of one or more items on a given level of the information structure
when a visual icon associated with one of the active links is selected (e.g., the active link
"MediaTek Dimensity 5G" allows the display of items such as "MediaTek Dimensity 1000"
when a mouse is rolled over "MediaTek Dimensity 5G" active link when the "side arrow" icon is
selected) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10,
2020) (last visited Feb. 10, 2020) (annotated).

133.    On information and belief, in the '880 Accused Instrumentalities, the active links
in the active path allow the display of one or more items on a given level of the information
structure without changing the active path (e.g., the active links in the active path allow the
display of "MediaTek Dimensity 1000" without affecting the active path "MediaTek Dimensity
5G—MediaTek Dimensity 1000") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (last visited Feb. 10, 2020) (annotated).

134.    On information and belief, in the '880 Accused Instrumentalities, a user may directly access one or more active links in the active path by selecting the active link (e.g., a user may directly access the "MediaTek Dimensity 1000" in the "MediaTek Dimensity 5G— MediaTek Dimensity 1000" active path by selecting the "MediaTek Dimensity 5G").

135.    On information and belief, in the '880 Accused Instrumentalities, the selection of an active link causes the active path to truncate to the selected active link (e.g., the selection of "Mobile" causes the active path "Products—Mobile—MediaTek Dimensity 5G" to truncate to "Products—Mobile") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020) (annotated).

136.    On information and belief, the '880 Accused Instrumentalities further provide pre-defined shortcuts that enable direct access to a given item in the information structure  (e.g., the '880 Accused Instrumentalities provide pre-defined shortcuts such as "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000" enabling direct access to a given menu item in the information structure), wherein selection of a predefined shortcut dynamically constructs an active path including one active link corresponding to each item necessary to navigate to the given item in the information structure (e.g., the active path is constructed upon selection of a predefined shortcut "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000," including one active link "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000" corresponding to each item necessary to navigate to "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000" in the information structure).

137.    On information and belief, the '880 Accused Instrumentalities include an apparatus for navigating an information structure, the apparatus including a processor configured to: provide a graphical menu interface displaying the items of a given level of the information structure and enabling selection thereof (e.g., "MediaTek Dimensity 5G" displays and enables selection of items of a given level, such as "MediaTek Dimensity 1000"); dynamically construct an active path as a sequence of active links after an item of the information structure has been selected (e.g., the '880 Accused Instrumentalities dynamically construct an active path (e.g., "MediaTek Dimensity 5G— MediaTek Dimensity 1000") as a sequence of active links after an item of the information structure has been selected (e.g., as "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" are selected)); upon provisional selection of any said active link, displaying one or more items on a given level of the information structure without affecting the active path (e.g., the '880 Accused Instrumentalities displays one or more items under

"MediaTek Dimensity 5G" such as "MediaTek Dimensity 1000" without affecting the active

path "MediaTek Dimensity 5G" or "MediaTek Dimensity 5G—MediaTek Dimensity 1000") as

shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10,

2020) (last visited Feb. 10, 2020) (annotated).

138.    On information and belief, in the '880 Accused Instrumentalities allow a user to

access an item in the information structure by selecting the item from the one or more items

displayed by one of the active links on the active path (e.g., each link in the active path

"MediaTek Dimensity 5G—MediaTek Dimensity 1000" allows a user to access an item in the

information structure such as "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" by

selecting from the one or more items displayed by "MediaTek Dimensity 5G" and "MediaTek

Dimensity 1000") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (last visited Feb. 10, 2020) (annotated).

139.    On information and belief, in the '880 Accused Instrumentalities, the one or more active links allow the display of one or more items on a given level of the information structure when a pointer is rolled over one of the active links (e.g., the active link "Products" allows the display of items such as "Mobile," "Tablet," "Home," "Connectivity & Networking," "Automotive," and "Internet of Things" when a mouse is rolled over the "Products" when a pointer is rolled over it) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020) (annotated).

140.    On information and belief, in the '880 Accused Instrumentalities, the one or more active links allow the display of one or more items on a given level of the information structure when one of the active links is selected (e.g., the active link "Products" allows the display of items such as "Mobile," "Tablet," "Home," "Connectivity & Networking," "Automotive," and "Internet of Things" when a mouse is rolled over the "Products" when it is selected) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020) (annotated).

141.    On information and belief, in the '880 Accused Instrumentalities, the one or more active links allow the display of one or more items on a given level of the information structure when a visual icon associated with one of the active links is selected (e.g., the active link "MediaTek Dimensity 5G" allows the display of items such as "MediaTek Dimensity 1000" when a mouse is rolled over "MediaTek Dimensity 5G" active link when the "side arrow" icon is selected) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (last visited Feb. 10, 2020) (annotated).

142.    On information and belief, in the '880 Accused Instrumentalities, the active links in the active path allow the display of one or more items on a given level of the information structure without changing the active path (e.g., the active links in the active path allow the display of "MediaTek Dimensity 1000" without affecting the active path "MediaTek Dimensity 5G—MediaTek Dimensity 1000") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (last visited Feb. 10, 2020) (annotated).

143.    On information and belief, in the '880 Accused Instrumentalities, a user may directly access one or more active links in the active path by selecting the active link (e.g., a user may directly access the  "MediaTek Dimensity 1000" in the "MediaTek Dimensity 5G— MediaTek Dimensity 1000" active path by selecting the "MediaTek Dimensity 5G").

144.    On information and belief, in the '880 Accused Instrumentalities, the selection of an active link causes the active path to truncate to the selected active link (e.g., the selection of "Mobile" causes the active path "Products—Mobile—MediaTek Dimensity 5G" to truncate to "Products—Mobile") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020).

145.    On information and belief, the '880 Accused Instrumentalities are further configured to provide pre-defined shortcuts to enable access to a given item in the information structure (e.g., the '880 Accused Instrumentalities provide pre-defined shortcuts such as "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000" enabling direct access to a given menu item in the information structure  ), wherein selection of a pre-defined shortcut dynamically constructs an active path including one active link corresponding to each item necessary to navigate to the given item in the information structure "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000," including one active link "MediaTek Dimensity 5G" or

"MediaTek Dimensity 1000" corresponding to each item necessary to navigate to "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000" in the information structure).

146.    On information and belief, in the '880 Accused Instrumentalities, two functions are associated with at least one of said active links (e.g., displaying sibling menus and directing user to certain content).

147.    On information and belief, in the '880 Accused Instrumentalities, execution of said functions is initiated by selecting different portions of said at least one of active link (e.g., by selecting "MediaTek Dimensity 1000" of the active link "MediaTek Dimensity 5G" to display sibling menus or direct user to certain content, respectively).

148.    On information and belief, in the '880 Accused Instrumentalities, at least two functions are associated with at least one of said active links (e.g., displaying sibling menus and directing user to certain content).

149.    Discovery is expected to uncover the full extent of Defendants' infringement of the '880 Patent beyond the '880 Accused Instrumentalities already identified through public information.

150.    Upon information and belief, Defendants have induced and continue to induce others to infringe at least Claims 1, 3-10, 12-20 and 22 of the '880 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' new, current, and prospective users, partners, customers and other third parties, whose use of the '880 Accused Instrumentalities constitutes direct infringement of at least Claims 1, 3-10, 12-20 and 22 of the '880 Patent.

151.    In particular, Defendants' actions that aid and abet others such as their new, current, and prospective users, partners, customers and third parties to infringe include, for example, advertising and providing instructions on using the '880 Accused Instrumentalities.  On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the '880 Patent and knowledge that their acts were inducing infringement of the '880 Patent since at least the date Defendants received notice based on the filing of this Complaint that such activities infringed the '880 Patent.

152.    Defendants' acts of inducement include, without limitation: providing the '880 Accused Instrumentalities to their new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '880 Accused Instrumentalities that enable and/or make use of content published therein; encouraging customers and other third parties to communicate directly with Defendants' representatives about the '880 Accused Instrumentalities and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.mediatek.com/about/contact-us (providing contact information to address sales regarding the '880 Accused Instrumentalities); *see also id.* (providing a messaging platform for communicating the same); *see also* https://www.mediatek.com/corporate-social-responsibility/global-presence/client-services (providing a customer support service relating to the '880 Accused Instrumentalities); encouraging customers and other third parties to use the '880 Accused Instrumentalities to access content published therein (e.g., https://www.facebook.com/MediaTek/videos/965975860464770/ (providing an URL ( https://www.mediatek.com/products/smartphones/mediatek-helio-p95?fbclid=IwAR3XDFNVq4-

YRHdqY9KRPmf8VgGmP7WUFRDGPiQpgpF1EByIdxmfJe4d4h8) to a "MediaTek Helio

P95" webpage that can be accessed using the '880 Accused Instrumentalities); *see also*

https://www.mediatek.com/innovations/whitepapers-list (providing content through the '880

Accused Instrumentalities); *see also* https://www.mediatek.com/investor-relations/financial-

information (recommending investors and other third parties use the '880 Accused

Instrumentalities to access financial results relating to Defendants' financial information); *see*

*also* https://www.facebook.com/MediaTek/?brand_redir=1136062269843194,

https://twitter.com/MediaTek?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauth

or, and https://www.linkedin.com/company/mediatek/about/ (Defendants' social media accounts

promoting the use of the '880 Accused Instrumentalities through which various media content

can be accessed); *see also* https://www.mediatek.com/news-events/press-releases/mediateks-

i500-aiot-platform-powers-tooplooxs-smart-self-checkout-application (providing press releases

encouraging customers and other third parties to use the '880 Accused Instrumentalities to access

content (for example, providing an URL (https://www.mediatek.com/products/iot/rich-iot) to a

"Rich IoT" webpage that can be accessed using the '880 Accused Instrumentalities)); and

https://www.mediatek.com/blog (providing blogs encouraging customers and other third parties

to use the '880 Accused Instrumentalities to access content ((providing an URL

(https://www.mediatek.com/products/smartphones/mediatek-helio-p60) to a "MediaTek Helio

P60" webpage that can be accessed using the '880 Accused Instrumentalities)).

153.    Defendants performed acts of inducement despite their actual knowledge since at

least the filing date of this Complaint and their knowledge that the specific actions they actively

induced and continue to actively induce on the part of their users, partners, and customers, and

other third parties constitute infringement of the '880 Patent.  At the very least, because

Defendants have been, and remain, on notice of the '880 Patent and the accused infringement, they have been, and remain, willfully blind regarding the infringement that they have induced and continue to induce.

154.    On information and belief, Defendants have contributed to, and continue to contribute to, infringement of at least Claims 1, 3-10, 12-20 and 22 of the '880 Patent pursuant to 35 U.S.C. § 271(c) by providing the '880 Accused Instrumentalities that have contributed, and continue to contribute, to the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of the filing date of this Complaint) that the '880 Accused Instrumentalities are especially made or adapted for use in an infringement of the '880 Patent.  For example, by providing the web pages, software, and computer equipment identified above, Defendants contribute to the direct infringement of users of said web pages, software, and computer equipment.  The '880 Accused Instrumentalities are material components or apparatuses for use in practicing the '880 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

155.    For example, the '880 Accused Instrumentalities provide a graphical user menu system through which a user can navigate an information structure or an apparatus for navigating an information structure and enabling selection according to the claimed invention(s). Defendants supplied, and continue to supply, the '880 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '880 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '880 Patent.  Moreover, Defendants know at least by virtue of their knowledge of their own products and services and the '880 Patent that the '880 Accused Instrumentalities are especially

made and/or especially adapted for use as claimed in the '880 Patent and there is no substantial

non-infringing use of the '880 Accused Instrumentalities, or components or apparatuses thereof.

156.    Defendants have directly and indirectly infringed the '880 Patent and are thus

liable for infringement of the '880 Patent pursuant to 35 U.S.C. § 271.

157.    Plaintiffs have suffered, and continue to suffer, damages as a result of

Defendants' infringement of the '880 Patent.

158.    Defendants have continued to infringe the '880 Patent since at least the filing date

of this Complaint, despite being on notice of the '880 Patent and their infringement.  Defendants

have therefore infringed the '880 Patent knowingly, willfully, deliberately, and in disregard of

Plaintiffs' patent rights since at least the filing date of this Complaint, at least by infringing with

actual knowledge of their direct and indirect infringement or while remaining willfully blind to

the fact of their direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are

entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35

U.S.C. § 285.

159.    Plaintiffs reserve the right to modify their infringement theories as discovery

progresses in this case.  Plaintiffs shall not be estopped for purposes of their infringement

contentions or their claim constructions by the foregoing discussions on how the '880 Accused

Instrumentalities infringe the '880 Patent.  Plaintiffs intend only that the foregoing discussions

satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that

they should not be construed as Plaintiffs' preliminary or final infringement contentions or

preliminary or final claim construction positions.

## COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 10,037,127

160.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

161.    The '127 Patent is directed to systems and methods for navigating an information structure, as described and claimed in the '880 Patent.

162.    The '127 Patent is directed to systems and methods for navigating an information structure, as described and claimed in the '127 Patent.

163.    Defendants have and continue to directly infringe at least Claims 1, 3-11, 13-14, 16-24 and 26 of the '127 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.MediaTek.com and https://www.MediaTek.com/en_US/home.html and maintained on servers located in and/or accessible from the United States under the control of Defendants; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing or that allows navigating an information structure

(hereinafter, the "'127 Accused Instrumentalities") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (annotated).

164.     By way of example, the '127 Accused Instrumentalities provide an apparatus for navigating an information structure as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020) (last visited Feb. 10, 2020) (annotated).

165.    More specifically, the '127 Accused Instrumentalities provide a graphical menu interface displaying the items of a given level of the information structure and enabling selection thereof (e.g., "MediaTek Dimensity 5G" displays and enables selection of items of a given level, such as "MediaTek Dimensity 1000"); and dynamically construct an active path as a sequence of active links after an item of the information structure has been selected (e.g., the '127 Accused Instrumentalities dynamically construct an active path (e.g., "MediaTek Dimensity 5G— MediaTek Dimensity 1000") as a sequence of active links after an item of the information structure has been selected (e.g., as "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" are selected)); upon provisional selection of a given one of said active links, display one or more items on a given level of the information structure associated with said provisionally selected active link without affecting the active path (e.g., the '127 Accused Instrumentalities displays one or more items under "MediaTek Dimensity 5G" such as "MediaTek Dimensity 1000" without affecting the active path Products—Mobile—MediaTek Dimensity 5G" or "Products— Mobile—MediaTek Dimensity 5G— MediaTek Dimensity 1000") as shown below:



*See e.g.,* https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020).

Also, the '127 Accused Instrumentalities allow a user to access an item in the information structure by selecting the item from the one or more items displayed by one of the active links on the active path, wherein a function is associated with at least one of said active links ((e.g., each link in the active path "MediaTek Dimensity 5G— MediaTek Dimensity 1000" allows a user to access an item in the information structure such as "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" by selecting from the one or more items displayed by "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" where at least one of the active links is associated with a function such as displaying sibling menus or directing user to certain content) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020).

166.    On information and belief, in the '127 Accused Instrumentalities, the one or more active links allow the display of one or more items on a given level of the information structure when a pointer is rolled over one of the active links (e.g., the active link "Products" allows the display of items such as "Mobile," "Tablet," "Home," "Connectivity & Networking," "Automotive," and "Internet of Things" when a mouse is rolled over the "Products" when a pointer is rolled over it) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020) (annotated).

167.    On information and belief, in the '127 Accused Instrumentalities, the one or more active links allow the display of one or more items on a given level of the information structure when one of the active links is selected (e.g., the active link "Products" allows the display of items such as "Mobile," "Tablet," "Home," "Connectivity & Networking," "Automotive," and "Internet of Things" when a mouse is rolled over the "Products" when it is selected) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020)
(annotated).

168.    On information and belief, in the '127 Accused Instrumentalities, the one or more
active links allow the display of one or more items on a given level of the information structure
when a visual icon associated with one of the active links is selected (e.g., the active link
"MediaTek Dimensity 5G" allows the display of items such as "MediaTek Dimensity 1000"
when a mouse is rolled over "MediaTek Dimensity 5G" active link when the "side arrow" icon is
selected) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10,
2020) (last visited Feb. 10, 2020) (annotated).

169.    On information and belief, in the '127 Accused Instrumentalities, the active links
in the active path allow the display of one or more items on a given level of the information
structure without changing the active path (e.g., the active links in the active path allow the
display of "MediaTek Dimensity 1000" without affecting the active path "Products—Mobile—
MediaTek Dimensity 5G" or "Products—Mobile—MediaTek Dimensity 5G— MediaTek
Dimensity 1000") as shown below:



*See e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020).

170.    On information and belief, in the '127 Accused Instrumentalities, a user may directly access one or more active links in the active path by selecting the active link (e.g., a user may directly access the "MediaTek Dimensity 1000" in the "MediaTek Dimensity 5G— MediaTek Dimensity 1000" active path by selecting the "MediaTek Dimensity 5G").

171.    On information and belief, in the '127 Accused Instrumentalities, the selection of an active link causes the active path to truncate to the selected active link (e.g., the selection of "Mobile" causes the active path "Products—Mobile—MediaTek Dimensity 5G" to truncate to "Products—Mobile") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020).

172.    On information and belief, the '127 Accused Instrumentalities further provide pre-defined shortcuts to enable access to a given item in the information structure (e.g., the '127 Accused Instrumentalities provide pre-defined shortcuts such as "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000" enabling direct access to a given menu item in the information structure), wherein selection of a pre-defined shortcut dynamically constructs an active path including one active link corresponding to each item necessary to navigate to the given item in the information structure (e.g., the active path is constructed upon selection of a predefined shortcut "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000," including one active link "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000" corresponding to each item necessary to navigate to "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000" in the information structure).

173.    On information and belief, in the '127 Accused Instrumentalities, two functions are associated with at least one of said active links (e.g., displaying sibling menus and directing user to certain content).

174.    On information and belief, in the '127 Accused Instrumentalities, execution of said functions is initiated by selecting different portions of said at least one of active link (e.g., by selecting "MediaTek Dimensity 1000" of the active link "MediaTek Dimensity 5G" to display sibling menus or direct user to certain content, respectively).

175.    On information and belief, in the '127 Accused Instrumentalities, at least two functions are associated with at least one of said active links (e.g., displaying sibling menus and directing user to certain content).

176.    On information and belief, the '127 Accused Instrumentalities perform a method for navigating an information structure, comprising providing a graphical menu interface

displaying the items of a given level of the information structure and enabling selection thereof (e.g., "MediaTek Dimensity 5G" displays and enables selection of items of a given level, such as "MediaTek Dimensity 1000"); dynamically constructing an active path as a sequence of active links after an item of the information structure has been selected (e.g., the '127 Accused Instrumentalities dynamically construct an active path (e.g., as "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" are selected)); as a sequence of active links after an item of the information structure has been selected (e.g., as "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" are selected)); upon provisional selection of any said active link, displaying one or more items on a given level of the information structure without affecting the active path (e.g., the '127 Accused Instrumentalities displays one or more items under "MediaTek Dimensity 5G" such as "MediaTek Dimensity 1000" without affecting the active path "MediaTek Dimensity 5G" or "MediaTek Dimensity 5G—MediaTek Dimensity 1000") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020).

177.    On information and belief, in the '127 Accused Instrumentalities allow a user to access an item in the information structure by selecting the item from the one or more items

displayed by one of the active links on the active path, wherein a function is associated with at least one of said active links ((e.g., each link in the active path "MediaTek Dimensity 5G—MediaTek Dimensity 1000" allows a user to access an item in the information structure such as "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" by selecting from the one or more items displayed by "MediaTek Dimensity 5G" and "MediaTek Dimensity 1000" where at least one of the active links is associated with a function such as displaying sibling menus or directing user to certain content) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020).

178.   On information and belief, in the '127 Accused Instrumentalities, the one or more active links allow the display of one or more items on a given level of the information structure when a pointer is rolled over one of the active links (e.g., the active link "MediaTek Dimensity 5G" allows the display of items such as "MediaTek Dimensity 1000" when a mouse is rolled over the "MediaTek Dimensity 5G" when a pointer is rolled over it) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020).

179.    On information and belief, in the '127 Accused Instrumentalities, the one or more active links allow the display of one or more items on a given level of the information structure when one of the active links is selected (e.g., the active link "Products" allows the display of items such as "Mobile," "Tablet," "Home," "Connectivity & Networking," "Automotive," and "Internet of Things" when a mouse is rolled over the "Products" when it is selected) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020)

(annotated).

180.    On information and belief, in the '127 Accused Instrumentalities, the one or more

active links allow the display of one or more items on a given level of the information structure

when a visual icon associated with one of the active links is selected (e.g., the active link

"MediaTek Dimensity 5G" allows the display of items such as "MediaTek Dimensity 1000"

when a mouse is rolled over "MediaTek Dimensity 5G" active link when the "side arrow" icon is

selected) as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10,

2020).

181.    On information and belief, in the '127 Accused Instrumentalities, the active links

in the active path allow the display of one or more items on a given level of the information

structure without changing the active path (e.g., the active links in the active path allow the

display of "MediaTek Dimensity 1000" without affecting the active path "Products—Mobile—

MediaTek Dimensity 5G" or "Products—Mobile—MediaTek Dimensity 5G— MediaTek

Dimensity 1000") as shown below:



*See e.g.*, https://www.mediatek.com/products/smartphones/dimensity-5g (last visited Feb. 10, 2020).

182.   On information and belief, in the '127 Accused Instrumentalities, a user may directly access one or more active links in the active path by selecting the active link (e.g., a user may directly access the "MediaTek Dimensity 1000" in the "MediaTek Dimensity 5G— MediaTek Dimensity 1000" active path by selecting the "MediaTek Dimensity 1000").

183.   On information and belief, in the '127 Accused Instrumentalities, the selection of an active link causes the active path to truncate to the selected active link (e.g., the selection of "Mobile" causes the active path "Products—Mobile—MediaTek Dimensity 5G" to truncate to "Products—Mobile") as shown below:



*See, e.g.*, https://www.mediatek.com/products/smartphones (last visited Feb. 10, 2020) (annotated).

184.    On information and belief, the '127 Accused Instrumentalities are further configured to provide pre-defined shortcuts to enable access to a given item in the information structure (e.g., the '127 Accused Instrumentalities provide pre-defined shortcuts such as "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000" enabling direct access to a given menu item in the information structure ), wherein selection of a pre-defined shortcut dynamically constructs an active path including one active link corresponding to each item necessary to navigate to the given item in the information structure (e.g., the active path is constructed upon selection of a predefined shortcut "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000," including one active link "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000" corresponding to each item necessary to navigate to "MediaTek Dimensity 5G" or "MediaTek Dimensity 1000" in the information structure).

185.    On information and belief, in the '127 Accused Instrumentalities, two functions are associated with at least one of said active links (e.g., displaying sibling menus and directing user to certain content).

186.    On information and belief, in the '127 Accused Instrumentalities, execution of said functions is initiated by selecting different portions of said at least one of active link (e.g., by selecting "MediaTek Dimensity 1000" of the active link "MediaTek Dimensity 5G" to display sibling menus or direct user to certain content, respectively).

187.    On information and belief, in the '127 Accused Instrumentalities, at least two functions are associated with at least one of said active links (e.g., displaying sibling menus and directing user to certain content).

188.     Discovery is expected to uncover the full extent of Defendants' infringement of the '127 Patent beyond the '127 Accused Instrumentalities already identified through public information.

189.     Upon information and belief, Defendants have induced and continue to induce others to infringe at least Claims 1, 3-11, 13-14, 16-24 and 26 of the '127 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' new, current, and prospective users, partners, customers and other third parties, whose use of the '127 Accused Instrumentalities constitutes direct infringement of at least Claims 1, 3-11, 13-14, 16-24 and 26 of the '127 Patent.

190.     In particular, Defendants' actions that aid and abet others such as their new, current, and prospective users, partners, customers and third parties to infringe include, for example, advertising and providing instructions on using the '127 Accused Instrumentalities.  On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the '127 Patent and knowledge that their acts were inducing infringement of the '127 Patent since at least the date Defendants received notice based on the filing of this Complaint that such activities infringed the '127 Patent.

191.     Defendants' acts of inducement include, without limitation: providing the '127 Accused Instrumentalities to their new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '127 Accused Instrumentalities that enable and/or make use of content published therein; encouraging customers and other third parties to communicate directly with Defendants' representatives about the '127 Accused Instrumentalities

and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.mediatek.com/about/contact-us (providing contact information to address sales regarding the '127 Accused Instrumentalities); *see also id.* (providing a messaging platform for communicating the same); *see also* https://www.mediatek.com/corporate-social-responsibility/global-presence/client-services (providing a customer support service relating to the '127 Accused Instrumentalities); encouraging customers and other third parties to use the '127 Accused Instrumentalities to access content published therein (e.g., https://www.facebook.com/MediaTek/videos/965975860464770/ (providing an URL ( https://www.mediatek.com/products/smartphones/mediatek-helio-p95?fbclid=IwAR3XDFNVq4-YRHdqY9KRPmf8VgGmP7WUFRDGPiQpgpF1EByIdxmfJe4d4h8) to a "MediaTek Helio P95" webpage that can be accessed using the '127 Accused Instrumentalities); *see also* https://www.mediatek.com/innovations/whitepapers-list (providing content through the '127 Accused Instrumentalities); *see also* https://www.mediatek.com/investor-relations/financial-information (recommending investors and other third parties use the '127 Accused Instrumentalities to access financial results relating to Defendants' financial information); *see also* https://www.facebook.com/MediaTek/?brand_redir=1136062269843194, https://twitter.com/MediaTek?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor, and https://www.linkedin.com/company/mediatek/about/ (Defendants' social media accounts promoting the use of the '127 Accused Instrumentalities through which various media content can be accessed); *see also* https://www.mediatek.com/news-events/press-releases/mediateks-i500-aiot-platform-powers-tooplooxs-smart-self-checkout-application (providing press releases encouraging customers and other third parties to use the '127 Accused Instrumentalities to access

content (for example, providing an URL (https://www.mediatek.com/products/iot/rich-iot) to a

"Rich IoT" webpage that can be accessed using the '127 Accused Instrumentalities)); and

https://www.mediatek.com/blog (providing blogs encouraging customers and other third parties

to use the '127 Accused Instrumentalities to access content ((providing an URL

(https://www.mediatek.com/products/smartphones/mediatek-helio-p60) to a "MediaTek Helio

P60" webpage that can be accessed using the '127 Accused Instrumentalities)).

192.    Defendants performed acts of inducement despite their actual knowledge since at

least the filing date of this Complaint and their knowledge that the specific actions they actively

induced and continue to actively induce on the part of their users, partners, and customers, and

other third parties constitute infringement of the '127 Patent.  At the very least, because

Defendants have been, and remain, on notice of the '127 Patent and the accused infringement,

they have been, and remain, willfully blind regarding the infringement that they have induced

and continue to induce.

193.    On information and belief, Defendants have contributed to, and continue to

contribute to, infringement of at least Claims 1, 3-11, 13-14, 16-24 and 26 of the '127 Patent

pursuant to 35 U.S.C. § 271(c) by providing the '127 Accused Instrumentalities that have

contributed, and continue to contribute, to the direct infringement of new, current, and

prospective users, partners, customers and other third parties with the knowledge (at least as of

the filing date of this Complaint) that the '127 Accused Instrumentalities are especially made or

adapted for use in an infringement of the '127 Patent.  For example, by providing the web pages,

software, and computer equipment identified above, Defendants contribute to the direct

infringement of users of said web pages, software, and computer equipment.  The '127 Accused

Instrumentalities are material components or apparatuses for use in practicing the '127 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

194.    For example, the '127 Accused Instrumentalities provide a graphical user menu system through which a user can navigate an information structure or an apparatus for navigating an information structure and enabling selection according to the claimed invention(s). Defendants supplied, and continue to supply, the '127 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '127 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '127 Patent.  Moreover, Defendants know at least by virtue of their knowledge of their own products and services and the '127 Patent that the '127 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '127 Patent and there is no substantial non-infringing use of the '127 Accused Instrumentalities, or components or apparatuses thereof.

195.    Defendants have directly and indirectly infringed the '127 Patent and are thus liable for infringement of the '127 Patent pursuant to 35 U.S.C. § 271.

196.    Plaintiffs have suffered, and continue to suffer, damages as a result of Defendants' infringement of the '127 Patent.

197.    Defendants have continued to infringe the '127 Patent since at least the filing date of this Complaint, despite being on notice of the '127 Patent and their infringement.  Defendants have therefore infringed the '127 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights since at least the filing date of this Complaint, at least by infringing with actual knowledge of their direct and indirect infringement or while remaining willfully blind to the fact of their direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are

entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

198.    Plaintiffs reserve the right to modify their infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of their infringement contentions or their claim constructions by the foregoing discussions on how the '127 Accused Instrumentalities infringe the '127 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment for themselves and against Defendant as follows:

a.    A judgment that Defendants have infringed, and continue to infringe, one or more claims of each of the Asserted Patents;

b.    A judgment that Defendants have induced infringement, and continue to induce infringement, of one or more claims of each of the Asserted Patents;

c.    A judgment that Defendants have contributed to, and continue to contribute, to the infringement of one or more claims of each of the Asserted Patents;

d.    A judgment that Defendants have willfully infringed one or more claims of each of the Asserted Patents;

e.    A judgment awarding Plaintiffs all damages adequate to compensate for Defendants' infringement, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

f.      A judgment awarding Plaintiffs treble damages pursuant to 35 U.S.C. § 284 as a result of Defendants' willful conduct;

g.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys' fees; and

h.      A judgment awarding Plaintiffs such other relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of this action.

Dated: March 27, 2020                    DEVLIN LAW FIRM LLC

*/s/ Alex Chan*
Timothy Devlin
tdevlin@devlinlawfirm.com
Alex Chan
Texas State Bar No. 24108051
achan@devlinlawfirm.com
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiffs,*
*Caddo Systems, Inc. and 511 Technologies, Inc.*